NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALFRED KAMARA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, *et al.*, <br><br> Respondents. | Civil Action No. 26-8702 (GC) <br><br> **MEMORANDUM & ORDER** |

**CASTNER, District Judge**

Petitioner Alfred Kamara is proceeding with a counseled petition (Petition) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (§ 2241).[1]  (ECF No. 1.)  According to his Petition, Petitioner is being held in immigration detention at the Elizabeth Contract Detention Facility in Elizabeth, New Jersey.  (*Id.* ¶ 6.)  Petitioner requests a temporary restraining order ("TRO") enjoining Respondents from moving Petitioner from the Elizabeth Contract Detention Facility during the pendency of the habeas process and "ensuring that he receives an individualized assessment required under 8 U.S.C. § 1226(a), either by ordering Petitioner's immediate release from Respondents' custody or providing a procedurally adequate bond hearing."  (ECF No. 1-1 at 1.)

---

[1]    Petitioner names as Respondents (in their official capacities): Warden of Delaney Hall, Newark; John Tsoukaris, Newark Field Office Director for Immigration and Custom Enforcement ("ICE") Enforcement and Removal Operations; David J. Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General of the United States.  (ECF No. 1 ¶¶ 9-13.)

Chief Judge Renee Marie Bumb has entered a Text Order enjoining Petitioner's transfer from New Jersey pending further Order of the Court.  (ECF No. 2.)

Under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule"), applicable to § 2241 cases through Habeas Rule 1(b), the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Habeas Rule 4.  This Court has screened the Petition for dismissal pursuant to Habeas Rule 4 and has determined that dismissal without an expedited answer and production of the record is not warranted.

Pursuant to the All Writs Act, *see* 28 U.S.C. § 1651(a) (empowering the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"), the Court orders that Petitioner shall not be transferred from the District of New Jersey, or removed from the United States, pending further order of this Court.

Accordingly, to the extent Petitioner requests a TRO enjoying his transfer during the pendency of the habeas proceeding, the request is denied as moot.  To the extent Petitioner requests a TRO enjoining Respondents to release Petitioner or provide him with a bond hearing, the Court denies the request without prejudice because, at this early stage of the proceeding, and without having received an expedited answer from Respondents providing the alleged basis for Petitioner's detention, or the production of the full record, Petitioner has failed to meet his burden of showing a likelihood of success on the merits.  *See Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, No. 11-6368, 2011 WL 13063669, at *2 (D.N.J. Nov. 1, 2011).

**IT IS**, therefore, on this 15th day of July, 2026, **ORDERED** as follows:

**ORDERED** that Respondents **SHALL NOT TRANSFER** Petitioner from the District of New Jersey, and **SHALL NOT REMOVE** Petitioner from the United States, pending further order of this Court; and it is further

**ORDERED** that, to the extent Petitioner requests a TRO enjoining his transfer during the pendency of the habeas proceeding, Petitioner's request for a TRO (ECF No. 1-1) is **DENIED** as moot; and it is further

**ORDERED** that, to the extent Petitioner requests a TRO enjoining Respondents to release Petitioner or provide him with a bond hearing, Petitioner's request for a TRO (ECF No. 1-1) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-3), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attachments to the Petition (ECF Nos. 1-1 through 1-3) and this Memorandum and Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within fourteen (14) days of the date of entry of this Memorandum and Order, Respondents shall electronically file a full and complete answer to the Petition (ECF No. 1), which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

3

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within seven (7) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

_____
**GEORGETTE CASTNER**
**United States District Judge**